# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| DARRELL WAYNE BUMPAS, | ) |
| Petitioner, | ) |
| v. | ) NO. 3:20-cv-00999 |
| WARDEN KEVIN GENOVESE, | ) JUDGE CAMPBELL |
| Respondent. | ) |

## MEMORANDUM AND ORDER

Respondent filed a Motion to Dismiss this habeas case on February 25, 2021 (Doc. No. 12), based on Petitioner's failure to exhaust all claims of the Amended Petition under 28 U.S.C. § 2254, some of which the Amended Petition appears to concede remain pending before the Tennessee Court of Criminal Appeals on post-conviction review. (*See* Doc. No. 11 at 9–10, 14–18.) Respondent further asserts that, "given the pending status of Petitioner's post-conviction proceedings, Respondent is unable to withdraw the complete state record at this time" and so "is unable to satisfy [Habeas] Rule 5 . . . and this Court's February 12, 2021 order requiring the filing of the complete state-court record." (Doc. No. 13 at 3.) The Court granted Petitioner's subsequent motion for an extension of his deadline to respond to the Motion to Dismiss, until April 26, 2021, effectively. (*See* Doc. No. 18.)

On April 13, 2021, Petitioner filed a Motion to Compel Respondent's compliance with Habeas Rule 5 and this Court's February 12 Order (Doc. No. 19), asserting that "[w]ithout the material, state court records submitted in this case," and with only Respondent's "hearsay allegation" as to the status of the state court appeal, the Court cannot rule on the Motion to Dismiss without prejudicing Petitioner. (*Id.* at 3–4.)

Three days later, on April 16, Petitioner filed his Response to the Motion to Dismiss. (Doc. No. 20.) Petitioner asserts in his Response that his appointed post-conviction counsel, despite representing Petitioner for two-and-a-half years, has raised only one issue before the Tennessee Court of Criminal Appeals on post-conviction appeal: the ineffective assistance of trial counsel. (Doc. No. 20 at 3–4.) Although his Amended Petition before this Court includes the claim of trial counsel's ineffectiveness or "misconduct" (Doc. No. 11 at 17), Petitioner maintains that none of his seven habeas claims are being pursued in the matter pending before the Court of Criminal Appeals. (Doc. No. 20 at 4.) In any event, because "the state courts[']s judges ha[ve] had ample and countless opportunities to correct these (7) seven clear errors" (*id.* at 4), Petitioner argues that this action should proceed despite the pendency of his post-conviction appeal.

To begin with, the parties recognize (*see* Doc. Nos. 13, 13-2; Doc. No. 20 at 10–12)—and the Court takes judicial notice—that the electronic docket of the Tennessee Court of Criminal Appeals shows that Petitioner's post-conviction appeal remains pending, awaiting oral argument on June 8, 2021, after briefing was completed on February 23, 2021. https://www2.tncourts.gov/PublicCaseHistory/CaseDetails.aspx?id=79566&Party=True (last visited Apr. 28, 2021). The current unavailability of the complete state court record is thus confirmed, and Petitioner's Motion to Compel its production (Doc. No. 19) is therefore **DENIED**.

As to the propriety of proceeding with this action, the Court generally "will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in his petition." *Fuller v. Tennessee*, No. 3:09-0394, 2009 WL 2850695, at *3 (M.D. Tenn. Aug. 29, 2009) (citing *Hamm v. Saffle*, 300 F.3d 1213, 1216 (6th Cir. 2002)); *see Rose v. Lundy*, 455 U.S. 509, 522 (1982) ("[B]ecause a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief, we hold that a district court must

dismiss habeas petitions containing both unexhausted and exhausted claims."). While exhaustion is not a jurisdictional requirement, it is nonetheless strictly enforced as a matter of comity between the state and federal government, to give the state an initial opportunity to consider the federal constitutional claims of its prisoners. *Fuller*, 2009 WL 2850695, at *3 (citing *Granberry v. Greer*, 481 U.S. 129 (1987)). Thus, as a condition precedent to seeking federal habeas corpus relief, a petitioner is required to fairly present his claims to the highest state court available, which in Tennessee is the Court of Criminal Appeals. *Id.* (citing, *e.g.*, *Rose*, 455 U.S. at 509, and *Adams v. Holland*, 324 F.3d 838 (6th Cir. 2003)); *see also Rayner v. Mills*, 685 F.3d 631, 643 (6th Cir. 2012) ("Proper exhaustion requires that a petitioner present every claim in the federal petition to each level of the state courts, including the highest state court to which the petitioner is entitled to appeal."). Where a habeas petitioner has failed to do so, dismissal of the petition is generally required, *Coleman v. Thompson*, 501 U.S. 722, 731 (1991), unless the purposes of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) would be best served by holding the petition in abeyance. *Rhines v. Weber*, 544 U.S. 269, 276 (2005).[1] That said, "stay and abeyance should be available only in limited circumstances[,] . . . when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 277.

Attached to Petitioner's Response to the Motion to Dismiss is his post-conviction counsel's appellate brief. (Doc. No. 20 at 13–22.) The brief raises the issue of trial counsel's ineffectiveness by reference to his failure to preserve Petitioner's right to a jury trial and his failure to adequately

---

[1] On April 26, 2021, Petitioner filed a "Memorandum of Law in Support of Petitioner's Petition for Writ of Habeas Corpus." (Doc. No. 21.) In this Memorandum, Petitioner opposes Respondent's Motion to Dismiss by reference to the concurring and dissenting opinions in *Rose v. Lundy*, which decried the majority's imposition of a total exhaustion rule. Although exception to the pre-AEDPA rule of *Rose* may be justified where the purposes of that statute require it, *see Rhines*, *supra*, Petitioner's reliance on *Rose*'s dissenting opinions is clearly misplaced.

3

Case 3:20-cv-00999  Document 22  Filed 04/28/21  Page 3 of 4 PageID #: 590

communicate with Petitioner. (*Id.* at 20–21.) In his Amended Petition before this Court, Petitioner asserts both the denial of his right to a jury trial and the failure of trial counsel to communicate with him. (Doc. No. 11 at 8, 17.) It is thus evident that Petitioner has not exhausted all claims of his Amended Petition. He is currently in the process of exhausting his state post-conviction remedies and has not presented any reason to believe that those remedies will be ineffective or inadequate to redress the claimed constitutional violations. *See Fuller*, 2009 WL 2850695, at *4 ("When state remedies become ineffective or inadequate, the rationale behind exhaustion is undercut and federal courts may take whatever action is required by the situation.") (citing, *e.g.*, 28 U.S.C. § 2244(b)(1)(B)(ii)). Nor has he demonstrated circumstances that counsel in favor of staying proceedings in this Court while he exhausts his remedies in state court.

In sum, given that one of the principal purposes of the exhaustion doctrine is to "prevent disruption of state judicial proceedings," *Rose*, 455 U.S. at 518, Respondent's Motion to Dismiss is **GRANTED** and this case is **DISMISSED** without prejudice while Petitioner continues his pursuit of post-conviction relief in the courts of the state.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

4

Case 3:20-cv-00999   Document 22   Filed 04/28/21   Page 4 of 4 PageID #: 591