# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| DARRELL WAYNE BUMPAS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | NO. 3:20-cv-00999 |
| ) | |
| WARDEN KEVIN GENOVESE, ) | JUDGE CAMPBELL |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

On April 29, 2021, the Court dismissed this habeas corpus action without prejudice so that Petitioner Darrell Bumpas could pursue his pending state post-conviction appeal, after finding that the circumstances of the case did not warrant a stay of federal proceedings in lieu of dismissal. (Doc. No. 22.)

On May 14, 2021, the pro se Petitioner filed a Motion to Alter or Amend under Federal Rule of Civil Procedure 59(e) (Doc. No. 24), in which he seeks amendment of the Court's dismissal order to instead stay proceedings and hold this matter in abeyance while he exhausts his state remedies. (*Id.* at 1–2, 5.) That same day, Petitioner submitted a nearly identical filing that, in its caption and its request for relief, includes an alternative request to appeal "to a higher court"; the Clerk's Office therefore docketed the second filing as a notice of appeal.[1] (Doc. No. 25.) Petitioner also simultaneously filed an unsigned application for leave to proceed in forma pauperis (IFP) on appeal. (Doc. No. 26.)

---

[1] Because this filing explicitly seeks to be construed alternatively as a notice of appeal, and plainly evidences Petitioner's "intent that it serve as a notice of appeal if the Court denied" Rule 59(e) relief, it was properly docketed as a notice of appeal. *Hill v. Bayside Woods, HOA Inc.*, No. 1:16-cv-00916-JMS-DKL, 2017 WL 5724297, at *1 (S.D. Ind. Mar. 28, 2017). That notice becomes effective to appeal the Court's April 29, 2021 Order upon the denial of Petitioner's Rule 59(e) Motion. Fed. R. App. P. 4(a)(4)(B)(i).

Rule 59(e) allows a motion to alter or amend a judgment or a final order such as the one entered in this case on April 29, 2021. *See Keith v. Bobby*, 618 F.3d 594, 597 (6th Cir. 2010) (citation omitted) (interpreting Rule 59(e) to allow alteration of final orders as well as judgments). The motion must be "filed no later than 28 days after the entry of the [order]," Fed. R. Civ. P. 59(e), as Petitioner's was. However, alteration or amendment of the Court's prior Order under Rule 59(e) is only warranted if Petitioner identifies a clear error of law, newly discovered evidence, an intervening change in controlling law, or a need to prevent manifest injustice. *Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 841 (6th Cir. 2018). None of these situations is presented in this case, where Petitioner is currently litigating his state post-conviction appeal and has not demonstrated the "limited circumstances" under which stay-and-abeyance of his federal filing would be appropriate in lieu of dismissal, *Rhines v. Weber*, 544 U.S. 269, 277 (2005), much less needed to prevent manifest injustice.

Accordingly, Petitioner's Rule 59(e) Motion to Alter or Amend (Doc. No. 24) is **DENIED**.

Furthermore, the Court declines to issue a certificate of appealability (COA) with respect to its April 29, 2021 decision to enforce the exhaustion requirement. "When a district court denies a habeas claim on procedural grounds, the court may issue a COA only if the applicant shows 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Manning v. Macauley*, No. 20-1567, 2020 WL 7346021, at *2 (6th Cir. Oct. 14, 2020) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Reasonable jurists could not disagree with the Court's April 29, 2021 decision to dismiss this case without prejudice while Petitioner exhausts state remedies.

As to Petitioner's IFP application, an appeal may not be taken IFP if this Court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); *see* Fed. R. App. P. 24(a)(3)(A) ("A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless . . . the district court— before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith."). The procedural posture of this case demonstrates—and the Court thus certifies—that Petitioner's attempt to appeal the dismissal without prejudice of his premature habeas petition is objectively frivolous and therefore not taken in good faith under 28 U.S.C. § 1915(a)(3). Accordingly, his application for leave to proceed IFP on appeal (Doc. No. 26) is **DENIED**.

If Petitioner wishes to pursue his appeal, he must, within **30 days** after service of this Order, either pay the full $505 appellate filing fee into this Court, or file in the Sixth Circuit an application to proceed in forma pauperis on appeal pursuant to Federal Rule of Appellate Procedure 24(a)(5). Failure to submit the requisite filing fee or application within the time allotted may result in summary dismissal of the appeal.

The Clerk is **DIRECTED** to forward a copy of this Order to the Sixth Circuit Court of Appeals.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE